IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERRILL LYNCH COMMERCIAL FINANCE CORP., a Delaware corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEWS VENTURES HOLDINGS LLC, a Connecticut limited liability company; FIRST HARTFORD CAPITAL CORP., a Connecticut corporation; FIRST WALLINGFORD CAPITAL CORP., a Connecticut corporation and ROBERT V. MATTHEWS,<br><br>　　　　　　　　　　Defendants. | Case No. 08-C-954<br><br>Honorable Judge Guzman<br>Magistrate Judge Schenkier |

## DEFENDANTS' ANSWER TO COMPLAINT AT LAW

Defendants, MATTHEWS VENTURES HOLDINGS LLC ("MVH"), FIRST HARTFORD CAPITAL CORP. ("FHCC"), FIRST WALLINGFORD CAPITAL CORP. ("FWCC") and ROBERT V. MATTHEWS ("Matthews"), by and through their undersigned counsel, state as follows for their Answer to Plaintiff, Merrill Lynch Commercial Finance Corporation's Complaint ("Complaint").

### THE PARTIES

1.　　Merrill Lynch is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois and the assignee of the right, title and interest of Merrill Lynch Business Financial Services Inc. ("Lender") in, under and to the loans and the documents evidencing the loans and guaranties at issue in this case.

**ANSWER**: Defendants admit the allegations of paragraph 1.

2. MVH is a limited liability company organized and existing under the laws of the State of Connecticut with its principal place of business located in New Haven, Connecticut. The sole member of MVH is Matthews, a resident of the State of Florida.

**ANSWER**: Defendants admit the allegations of paragraph 2.

3. FHCC is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in New Haven, Connecticut.

**ANSWER**: Defendants admit the allegations of paragraph 3.

4. FWCC is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in New Haven, Connecticut.

**ANSWER**: Defendants admit the allegations of paragraph 4.

5. Matthews is a resident of the State of Florida.

**ANSWER**: Defendants admit the allegations of paragraph 5.

## JURISDICTION AND VENUE

6. Jurisdiction over this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**ANSWER**: Defendants admit the allegations of paragraph 6.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (c) because Defendants' performance of a material part of their obligations to Merrill Lynch and a substantial part of the events giving rise to Merrill Lynch's claim occurred in this District.

**ANSWER**: Defendants admit the allegations of paragraph 7.

### COUNT I: BREACH OF CONTRACT AGAINST MVH

8. On or about December 5, 2003, Lender and MVH entered into that certain Term Loan and Security Agreement (as amended, the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**. Unless otherwise defined herein, all capitalized terms in this complaint shall have the meanings ascribed to them in the Loan Agreement.

**ANSWER**: Defendants admit the allegations of paragraph 8.

9. On or about December 5, 2003, Lender and MVH entered into that certain Collateral Installment Note (the "Note"), a true and correct copy of the Note is attached hereto as **Exhibit B**.

**ANSWER**: Defendants admit the allegations of paragraph 9.

10. On or about February 22, 2006, Lender, Matthews and MVH entered into that certain Forbearance Agreement (the "Forbearance Agreement"). A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit C**.

**ANSWER**: Defendants admit the allegations of paragraph 10.

11.     MVH breached the Loan Agreement and Forbearance Agreement by failing to make the payments due under those agreements on November 1, 2007 and December 1, 2007 totaling $102,482.08 (the "Installments").

**ANSWER**: Defendants admit the allegations of paragraph 11.

12.     MVH also breached the Loan Agreement and Forbearance Agreement by failing to make payments due under those agreements equal to the Net Proceeds of the property commonly known as One and Three Long Wharf Drive, New Haven, Connecticut following the sale of that property on or about February 5, 2007 (the "Proceeds").

**ANSWER**: Defendants admit the allegations of paragraph 12.

13.     Despite demand, MVH failed and refused to pay the Installments or the Proceeds. A true and correct copy of Lender's demand to MVH for payment (the "Demand and Notice of Acceleration") dated as of December 18, 2007 is attached hereto as **Exhibit D.**

**ANSWER**: Defendants admit the allegations of paragraph 13.

14.     On December 28, 2007, all of the outstanding Obligations of MVH under the Loan Agreement and the indebtedness evidenced by the Note became due and payable pursuant to the notice and declaration contained in the Demand and Notice of Acceleration.

**ANSWER**: Defendants admit the allegations of paragraph 14.

15.     As of December 28, 2007, MVH owed Obligations of $2,401,251.61 in principal, $47,698.91 in accrued interest as of the present time at the Default Rate as set out in the

Forbearance Agreement, $9,727.09 in late charges as set forth in the Loan Agreement, and a $16,875.00 Commitment Fee, plus attorneys' fees and costs of collection. Interest continues to accrue on such principal amount at the Default Rate, which is $726.08 per diem as of the date of this Complaint.

**ANSWER**: Defendants admit the allegations of paragraph 15.

16. Lender and Merrill Lynch fully performed their obligations under the Loan Agreement, Note and Forbearance Agreement.

**ANSWER**: Defendants admit the allegations of paragraph 16.

17. As a result of MVH's breaches, Merrill Lynch has been damaged in the amount of $2,475,552.61 plus interest at the Default Rate and its costs of collection.

**ANSWER**: Defendants admit the allegations of paragraph 17.

WHEREFORE, Merrill Lynch respectfully requests that this Court enter judgment in its favor and against MVH: in the amount of (a) $2,475,552.61, plus (b) interest at the Default Rate through the entry of judgment, plus (c) Merrill Lynch's reasonable attorneys' fees and costs of suit in an amount to be proven up, and (d) post-judgment interest from the date of judgment at the statutory rate until paid.

**ANSWER**: Defendants acknowledge and admit that, as of March 18, 2008, the principal amount of the Obligations is $2,376,263.07, consisting of Interest accrued on the principal amount of the Obligations in the amount of $899.21.90, Late Fees assessed in the amount of $10,356.48, an unpaid Commitment Fee in the amount of $16,875.00, an unpaid Amendment Fee in the amount of $25,000.00 and Merrill Lynch's unreimbursed attorneys' fees in collection activities resolved by forbearance agreements dated prior to 2008 in the amount of $83,782.22. The Defendants lack knowledge of the amount of Plaintiff's attorney's fees incurred after 2007.

## COUNT II: BREACH OF CONTRACT AGAINST FHCC

18.     As and for paragraph 18 of the Complaint, Merrill Lynch repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

**ANSWER**: Defendants admit the allegations of paragraph 18.

19.     On or about December 5, 2003, in connection with the Loan Agreement and Note, FHCC executed and delivered to Lender a guaranty of prompt payment and performance by MVH of all of its obligations to Lender (the "FHCC Guaranty"). A true and correct copy of the FHCC Guaranty is attached hereto as **Exhibit E**.

**ANSWER**: Defendants admit the allegations of paragraph 19.

20.     On or about February 22, 2006 in connection with the Forbearance Agreement, FHCC, FWCC and Matthews executed and delivered to Lender the Reaffirmation Agreement whereby they reaffirmed the effectiveness of, among other things, the FHCC Guaranty of the Obligations.

**ANSWER**: Defendants admit the allegations of paragraph 20.

21.     Despite demand, FHCC failed and refused to pay the Obligations which it guaranteed pursuant to the FHCC Guaranty. A true and correct copy of Merrill Lynch's demand to FHCC for payment (the "Guarantor Demand") dated as of January 14, 2008 is attached hereto as **Exhibit F.**

**ANSWER**: Defendants admit the allegations of paragraph 21.

22.    As a result of FHCC's breach of the FHCC Guaranty, Merrill Lynch has been damaged in the amount of $2,475,552.61 plus interest at the Default Rate and its costs of collection.

**ANSWER**: Defendants admit the allegations of paragraph 22.

WHEREFORE, Merrill Lynch respectfully requests that this Court enter judgment in its favor and against FHCC: in the amount of (a) $2,475,552.61, plus (b) interest at the Default Rate through the entry of judgment, plus (c) Merrill Lynch's reasonable attorneys' fees and costs of suit in an amount to be proven up, and (d) post-judgment interest from the date of judgment at the statutory rate until paid.

**ANSWER**: Defendants acknowledge and admit that, as of March 18, 2008, the principal amount of the Obligations is $2,376,263.07, consisting of Interest accrued on the principal amount of the Obligations in the amount of $899.21.90, Late Fees assessed in the amount of $10,356.48, an unpaid Commitment Fee in the amount of $16,875.00, an unpaid Amendment Fee in the amount of $25,000.00 and Merrill Lynch's unreimbursed attorneys' fees in collection activities resolved by forbearance agreements dated prior to 2008 in the amount of $83,782.22. The Defendants lack knowledge of the amount of Plaintiff's attorney's fees incurred after 2007.

## COUNT III: BREACH OF CONTRACT AGAINST FWCC

23.    As and for paragraph 23 of the Complaint, Merrill Lynch repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

**ANSWER**: Defendants admit the allegations of paragraph 23.

24.    On or about December 5, 2003, in connection with the Loan Agreement and Note, FWCC executed and delivered to Lender a guaranty of prompt payment and performance by MVH of all of its obligations to Lender (the "FWCC Guaranty"). A true and correct copy of the FWCC Guaranty is attached hereto as **Exhibit G**.

**ANSWER**: Defendants admit the allegations of paragraph 24.

25.    On or about February 22, 2006 in connection with the Forbearance Agreement, FHCC, FWCC and Matthews executed and delivered to Lender the Reaffirmation Agreement whereby they reaffirmed the effectiveness of, among other things, the FWCC Guaranty of the Obligations.

**ANSWER**: Defendants admit the allegations of paragraph 25.

26.    Despite demand, FWCC failed and refused to pay the Obligations which it guaranteed pursuant to the FWCC Guaranty. A true and correct copy of Merrill Lynch's demand to FWCC for payment (the "Guarantor Demand") dated as of January 14, 2008 is attached hereto as **Exhibit F.**

**ANSWER**: Defendants admit the allegations of paragraph 26.

27.    As a result of FWCC's breach of the FWCC Guaranty, Merrill Lynch has been damaged in the amount of $2,475,552.61, plus interest at the Default Rate and its costs of collection.

**ANSWER**: Defendants admit the allegations of paragraph 27.

WHEREFORE, Merrill Lynch respectfully requests that this Court enter judgment in its favor and against FWCC: in the amount of (a) $2,475,552.61, plus (b) interest at the Default Rate through the entry of judgment, plus (c) Merrill Lynch's reasonable attorneys' fees and costs

of suit in an amount to be proven up, and (d) post-judgment interest from the date of judgment at the statutory rate until paid.

**ANSWER**: Defendants acknowledge and admit that, as of March 18, 2008, the principal amount of the Obligations is $2,376,263.07, consisting of Interest accrued on the principal amount of the Obligations in the amount of $899.21.90, Late Fees assessed in the amount of $10,356.48, an unpaid Commitment Fee in the amount of $16,875.00, an unpaid Amendment Fee in the amount of $25,000.00 and Merrill Lynch's unreimbursed attorneys' fees in collection activities resolved by forbearance agreements dated prior to 2008 in the amount of $83,782.22. The Defendants lack knowledge of the amount of Plaintiff's attorney's fees incurred after 2007.

### COUNT IV: BREACH OF CONTRACT AGAINST MATTHEWS

28.    As and for paragraph 18 of the Complaint, Merrill Lynch repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

**ANSWER**: Defendants admit the allegations of paragraph 28.

29.    On or about December 5, 2003, in connection with the Loan Agreement and Note, Matthews executed and delivered to Lender a guaranty of prompt payment and performance by MVH of all of its obligations to Lender (the "Matthews Guaranty"). A true and correct copy of the Matthews Guaranty is attached hereto as **Exhibit H**.

**ANSWER**: Defendants admit the allegations of paragraph 29.

30.    On or about February 22, 2006 in connection with the Forbearance Agreement, FHCC, FWCC and Matthews executed and delivered to Lender the reaffirmation (the "Reaffirmation Agreement") whereby they reaffirmed the effectiveness of, among other things, the Matthews Guaranty of the Obligations.

**ANSWER**: Defendants admit the allegations of paragraph 30.

31. Despite demand, Matthews failed and refused to pay the Obligations which he guaranteed pursuant to the Matthews Guaranty. A true and correct copy of Merrill Lynch's demand to FHCC for payment (the "Guarantor Demand") dated as of January 14, 2008 is attached hereto as **Exhibit F.**

**ANSWER**: Defendants admit the allegations of paragraph 31.

32. As a result of Matthews' breach of the Matthews Guaranty, Merrill Lynch has been damaged in the amount of $2,475,552.61, plus interest at the Default Rate and its costs of collection.

**ANSWER**: Defendants admit the allegations of paragraph 33.

WHEREFORE, Merrill Lynch respectfully requests that this Court enter judgment in its favor and against Matthews: in the amount of (a) $2,475,552.61, plus (b) interest at the Default Rate through the entry of judgment, plus (c) Merrill Lynch's reasonable attorneys' fees and costs of suit in an amount to be proven up, and (d) post-judgment interest from the date of judgment at the statutory rate until paid.

**ANSWER**: Defendants acknowledge and admit that, as of March 18, 2008, the principal amount of the Obligations is $2,376,263.07, consisting of Interest accrued on the principal amount of the Obligations in the amount of $899.21.90, Late Fees assessed in the amount of $10,356.48, an unpaid Commitment Fee in the amount of $16,875.00, an unpaid Amendment Fee in the amount of $25,000.00 and Merrill Lynch's unreimbursed attorneys' fees in collection activities resolved by forbearance agreements dated prior to 2008 in the amount of $83,782.22. The Defendants lack knowledge of the amount of Plaintiff's attorney's fees incurred after 2007.

Dated: April 9, 2008         Respectfully submitted,

    MATTHEWS VENTURES HOLDINGS LLC
    FIRST HARTFORD CAPITAL CORP.
    FIRST WALLINGFORD CAPITAL CORP.
    ROBERT V. MATTHEWS

-

    By: /s/ Joel C. Griswold
       One of Their Attorneys

(*Local Counsel*)

Paul J. Walsen
Joel C. Griswold
BELL, BOYD & LLOYD LLP
Three First National Plaza
70 West Madison Street, Suite 3100
Chicago, Illinois  60606
(312) 372-1121

CH2\2412579.3