IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MERRILL LYNCH COMMERCIAL FINANCE CORP.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**MATTHEWS VENTURES HOLDINGS LLC**, a Connecticut limited liability company; **FIRST HARTFORD CAPITAL CORP.**, a Connecticut corporation; **FIRST WALLINGFORD CAPITAL CORP.**, a Connecticut corporation and **ROBERT V. MATTHEWS**,<br><br>Defendants. | Case No. 08-C-954<br><br>Honorable Judge Guzman<br>Magistrate Judge Schenkier |

## REVISED MOTION FOR ENTRY OF JUDGEMENT ON THE PLEADINGS AND CONFESSION OF JUDGMENT

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, plaintiff Merrill Lynch Commercial Finance Corp., successor to Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch" or "Plaintiff"), through counsel, hereby moves the Court to enter a judgment on the pleadings and a confession of judgment in favor of Plaintiff against Defendants Matthews Ventures Holdings LLC, First Hartford Capital Corp., First Wallingford Capital Corp. and Robert V. Matthews (collectively "Defendants"). In support of its Motion, the Plaintiff states as follows:

1. Plaintiff incorporates by reference all Exhibits attached to its Motion for Entry of Judgment on the Pleadings and Confession of Judgment, dated June 2, 2008, except for the Affidavit of Edward Blough, Exhibit 3, and the Confession of Judgment, Exhibit 4, which are revised and attached hereto.

2. On Thursday, February 14, 2008, the Plaintiff filed a Complaint in this action seeking to recover for breach of contract.

3. On March 26, 2008, Merrill Lynch and Defendants entered into a Forbearance Agreement, attached hereto as <u>Exhibit 1</u>, in which Merrill Lynch agreed to forbear from proceeding in this matter for sixty (60) days. Unless otherwise defined herein, all capitalized terms used in this Motion shall have the meanings ascribed to them in the Forbearance Agreement.

4. On April 9, 2008, Defendants filed their Answer to Complaint at Law, attached hereto as <u>Exhibit 2</u>, which admits substantially all of the allegations of the Complaint. Defendants' Answer admits liability and the principal and interest owed and accruing and merely lack knowledge of the amount of Merrill Lynch's attorneys' fees and costs of collection.

5. As more fully set forth in to the Affidavit of Edward Blough (the "<u>Blough Affidavit</u>") attached hereto as <u>Exhibit 3</u>, a "Termination Event" occurred under the Forbearance Agreement on May 27, 2008, terminating Merrill Lynch's forbearance, because Defendants had not repaid in full the Liabilities owed. The Forbearance Agreement provides, in pertinent part:

> (c) As used herein, the term "Termination Event" shall mean any one or more of the following events: ...; (iii) the failure of Obligors to repay all of the Liabilities on or before May 26, 2008; ....

Forbearance Agreement, § 3(c).

6. Among the remedies provided under the Forbearance Agreement, the Defendants agreed that Merrill Lynch could confess judgment against them:

> (c) From and after the occurrence of a Termination Event, each and every Obligor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against such Obligor for the unpaid amount of the Obligations as evidenced by an affidavit signed by an officer of Merrill Lynch setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Agreement, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Each Obligor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as

> Merrill Lynch may elect until all Obligations have been paid in full. Each Obligor hereby waives and releases any and all claims or causes of action which such Obligor might have against any attorney acting under the terms of authority which such Obligor has granted herein arising out of or connected with the confession of judgment hereunder.

Forbearance Agreement, § 6(c).

7. As fully set forth in the Confession of Judgment attached as <u>Exhibit 4</u>, Merrill Lynch hereby confesses judgment against each of the Defendants, jointly and severally.

8. As more fully set forth in the Blough Affidavit, Defendants jointly and severally, are indebted to Merrill Lynch in the amount of $2,716,217.71 as of the date of this motion. With the accrual of interest to the date of hearing on June 26, 2008 at the rate of $660.07 per diem, the amount of the Liabilities will be $2,720,178.13 as of the hearing date.

WHEREFORE, Merrill Lynch Commercial Finance Corp. respectfully requests that this Court (1) enter judgment in its favor and against each of the Defendants, jointly and severally in the amount of $2,720,178.13, including Merrill Lynch's attorneys' fees and costs of suit in the amount of $34,625.95; (2) award post judgment interest at the applicable rate; and (3) grant such other and further relief as this Court deems appropriate.

Dated: June 20, 2008    Respectfully submitted,

MERRILL LYNCH COMMERCIAL FINANCE CORP.

By: /s/J. Mark Fisher
J. Mark Fisher (Illinois Bar No. 3121711)
Melody R. Barron (Illinois Bar No. 6292346)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (facsimile)
mfisher@schiffhardin.com
mbarron@schiffhardin.com

*Its attorneys*

## AFFIDAVIT OF EDMOND J. BLOUGH

I, Edmond J. Blough, being duly sworn, deposes and states as follows:

1. At all times pertinent to this case, I have been the Vice President of Merrill Lynch Commercial Finance Corp, successor to Merrill Lynch Business Financial Services Inc., plaintiff in this action ("Merrill Lynch").

2. I am submitting this affidavit in support of Merrill Lynch's Motion For Entry of Default Judgment (the "Motion") against Matthews Ventures Holdings LLC ("MVH"), First Hartford Capital Corp. ("FHCC"), First Wallingford Capital Corp.("FWCC") and Robert V. Matthews ("Matthews") (collectively "Defendants").

3. As part of my duties, I have personal knowledge of the Promissory Notes and Term Loan and Security Agreements entered with MVH, which are attached as Exhibits to the Answer. I also have personal knowledge of the Forbearance Agreement between Merrill Lynch, Matthews and MVH (the "Forbearance Agreement"), a true and correct copy of which is attached to the Motion as <u>Exhibit 1</u>. Unless otherwise defined herein, all capitalized terms used herein shall have the meanings ascribed to them in the Forbearance Agreement in this action.

4. I also have personal knowledge of the Defendants' Answer to Complaint At Law (the "Answer"), a true and correct copy of which is attached to the Motion as <u>Exhibit 2</u>.

5. I also have personal knowledge of the Guarantees and Reaffirmation Agreements executed and delivered to Merrill Lynch by FHCC, FWCC and Matthews, which are attached as Exhibits to the Answer.

6. A "Termination Event" occurred under the Forebearance Agreement on May 27, 2008, terminating Merrill Lynch's forbearance, because Defendants had not repaid in full the Liabilities owed to Merrill Lynch.

EXHIBIT 3

7. After deducting all payments made by Defendants to Merrill Lynch through the date of this affidavit, the total amount due from the Defendants to Merrill Lynch under the Agreements as of Friday, June 20, 2008 will be $2,716,217.71. The components of this indebtedness follow. Defendants owe Merrill Lynch a total principal balance of $2,376,263.07, plus an unpaid Commitment Fee of $16,875.00, plus an unpaid Amendment Fee of $25,000, plus $15,209.04 in late charges plus accrued interest of $146,605.62. Defendants also owe unreimbursed attorneys' fees and expenses relating to amendments or collection activities resolved by forbearance agreements in the amount of $101,639.03. Finally Defendants owe $34,625.95 in attorneys' fees and costs of suit in this action.

8. All of the amounts set forth in paragraph 6 above are past due.

9. Interest continues to accrue on the Principal Debt at the Default Rate, which is $660.07 per diem as of the date of this affidavit.

[Signature Page Follows]

I certify, under penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

Executed on this 20th day of June, 2008.

_____
Edmond J. Blough

Subscribed and sworn before me
this 20 day of June , 2008

_____
Notary Public

Official Seal
Patricia Faye Brass
Notary Public State of Illinois
My Commission Expires 02/21/2012

CONFESSION OF JUDGMENT

    Defendants Matthews Ventures Holdings LLC, First Hartford Capital Corporation, First Wallingford Capital Corporation and Robert V. Matthews by J. Mark Fisher, Attorney at Law, waives service of process and confesses that there is due from each of these Defendant to Plaintiff Merrill Lynch Commercial Finance Corporation.

| | |
|---|---:|
| Principal | $2,376,263.07 |
| Interest through June 26, 2008 | 150,566.04 |
| Commitment Fee | 16,875.00 |
| Amendment Fee | 25,000.00 |
| Late Charges | 15,209.04 |
| Unpaid Attorneys' fees for prior amendments, forbearance agreements, etc. | 101,639.03 |
| Attorneys' fees and costs in this action | 34,625.95 |
| TOTAL AMOUNT DUE | $2,720,178.13 |

Defendant agrees that judgment may be entered without process for the total above and costs of suit and releases and waives all rights as authorized in the Promissory Note.

                                                                                          /s/ J. Mark Fisher
                                                                                            Attorney at Law

EXHIBIT 4